UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LEOBEL SALVADOR,

Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. JOHN M. EMILIO, Shield No. 4196, Individually and in His Official Capacity, and POLICE OFFICERS "JOHN DOE" #1–10, Shield Numbers Unknown, Individually and in their Official Capacities, the names "JOHN DOE" #1–10 being fictitious, as their true names are presently unknown,

Defendants.
-----------------------------------------------------------------X

Dkt. No.: 26 Civ. 3004

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

Plaintiff, LEOBEL SALVADOR, complaining of the Defendants, by his attorneys, JON L. NORINSBERG, ESQ., PLLC, respectfully state and allege, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## THE PARTIES

6. Plaintiff LEOBEL SALVADOR is a resident of the City and State of New York.

7. Defendant THE CITY OF NEW YORK, ("CITY"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9. At all times hereinafter mentioned, Defendant P.O. JOHN M. EMILIO, Shield No. 4196, Individually and in His Official Capacity, ("P.O. EMILIO"), was a duly sworn police officer of said department and was acting under the supervision of said department and according to his official duties.

10. At all times hereinafter mentioned, the individually named Defendants, POLICE OFFICERS "JOHN DOE" #1–10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11. The names "JOHN DOE" #1–10 are fictitious, as the true names of said police officers are presently unknown to Plaintiff.

12. Plaintiff will seek leave to amend this complaint to set forth the true names of Defendants POLICE OFFICERS "JOHN DOE" #1–10, together with such other allegations as may be necessary, when their true identities become known.

13. At all times hereinafter mentioned, the Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

14. Each and all of the acts of the Defendants alleged herein were done by said Defendants while acting within the scope of their employment by Defendant City of New York.

15. Each and all of the acts of the Defendants alleged herein were done by said Defendants while acting in furtherance of their employment by Defendant City of New York.

## FACTS

### *The Incident*

16. On or about July 13, 2025, at approximately 10:00 p.m., Plaintiff LEOBEL SALVADOR was lawfully outside his residence at 39 Jaffe Street, Staten Island, New York, where he had gone to start his wife's vehicle and warm up the engine because the vehicle had been sitting idle while his wife was away on vacation.

17. While Plaintiff was outside his residence, he was suddenly confronted by a group of approximately six to seven individuals from the neighborhood, who demanded that he move the vehicle and then escalated the encounter.

18. The group surrounded, threatened, and assaulted Plaintiff outside his residence. Plaintiff was the victim of this confrontation, not the aggressor.

19. Shortly thereafter, several members of the New York City Police Department, including Defendant P.O. EMILIO, arrived on the scene as on-duty police officers assigned to and/or operating out of the 121st Precinct.

20. When Defendant P.O. EMILIO and the other defendant officers arrived, Plaintiff fully complied with their directions. Plaintiff did not resist, did not threaten the officers, did not attempt to strike anyone, and did not do anything that justified the use of physical force against him.

21. Despite Plaintiff's compliance, and despite the obvious fact that Plaintiff had been confronted and assaulted outside his own home, Defendant P.O. EMILIO and/or one or more of defendants POLICE OFFICERS "JOHN DOE" #1–10 treated Plaintiff as the wrongdoer.

22. Without warning, justification, provocation, reasonable suspicion, probable cause, or legal cause of any kind, Defendant P.O. EMILIO and/or one or more of defendants POLICE OFFICERS "JOHN DOE" #1–10 suddenly grabbed Plaintiff from behind and seized Plaintiff's right hand, wrist, and arm.

23. Defendant P.O. EMILIO and/or one or more of defendants POLICE OFFICERS "JOHN DOE" #1–10 then violently twisted, pulled, and forced Plaintiff's right arm and wrist behind his back.

24. Defendant P.O. EMILIO and/or one or more of defendants POLICE OFFICERS "JOHN DOE" #1–10 then slammed Plaintiff head-first and/or face-first into the vehicle with wanton, gross, and excessive force.

25. While Defendant P.O. EMILIO was grabbing, twisting, and slamming Plaintiff into the vehicle, the other defendant officers stood idly by, failed to intervene, and made no effort to stop Defendant P.O. EMILIO from using excessive force against Plaintiff.

26. The force used against Plaintiff was plainly unnecessary, unreasonable, and excessive. Plaintiff was outside his own home, was unarmed, was compliant, was not attempting to flee, was not resisting arrest, and posed no immediate threat to the officers or anyone else.

27. Defendant P.O. EMILIO and/or one or more of defendants POLICE OFFICERS "JOHN DOE" #1–10 had no lawful basis to grab Plaintiff, twist his arm, slam him into the vehicle, restrain him, handcuff him, or use any force against him.

28. As a direct result of the excessive force used by Defendant P.O. EMILIO and/or one or more of defendants POLICE OFFICERS "JOHN DOE" #1–10, Plaintiff sustained a severe fracture to his right wrist.

29. Plaintiff's right wrist injury was serious and required emergency medical treatment, surgery, and the placement of plates and screws.

30. Plaintiff also sustained significant injuries to his head, neck, back, hands, wrists, shoulders, and body, and he experienced severe pain, swelling, reduced range of motion, and neurological symptoms following the incident.

31. Plaintiff repeatedly requested medical attention and complained of pain, including severe pain and swelling in his right wrist. His injuries were obvious and serious.

32. There was no basis for Plaintiff's arrest. Plaintiff had not committed any crime. Plaintiff had not threatened Defendant P.O. EMILIO or any other police officer. Plaintiff had not resisted arrest. Plaintiff had not attempted to flee. Plaintiff had not assaulted anyone. Plaintiff had not interfered with any police investigation.

33. Plaintiff had not engaged in any conduct that gave Defendant P.O. EMILIO or the other defendant officers probable cause, reasonable suspicion, or any lawful basis to arrest him.

***Post-Arrest Detention***

32. Following the assault, Defendants unlawfully arrested Plaintiff LEOBEL SALVADOR without probable cause and without a judicially obtained arrest warrant.

33. Defendants transported Plaintiff LEOBEL SALVADOR to a police precinct.

34. At the precinct, Plaintiff LEOBEL SALVADOR was fingerprinted and photographed.

35. Defendants subjected Plaintiff LEOBEL SALVADOR to a pat-down search or strip-search, which included a cavity inspection.

36. Plaintiff LEOBEL SALVADOR remained in police custody from the night of July 12, 2025, through July 15, 2025.

37. During his detention, the swelling in Plaintiff LEOBEL SALVADOR's right wrist became so severe that Defendants transported him to the emergency room at Richmond University Medical Center on or about July 14, 2025.

38. At Richmond University Medical Center, Plaintiff LEOBEL SALVADOR was diagnosed with an acute comminuted, likely intra-articular, depressed and mildly displaced fracture of the distal radius, with associated surrounding soft tissue swelling.

39. Despite his serious injuries, Plaintiff LEOBEL SALVADOR was returned to police custody and remained imprisoned.

40. On or about July 15, 2025, Plaintiff LEOBEL SALVADOR was brought before a judge and arraigned.

41. Plaintiff LEOBEL SALVADOR was released with a future court date.

***Criminal Proceedings***

42. Defendants caused three criminal charges to be filed against Plaintiff LEOBEL SALVADOR: (1) Obstructing Governmental Administration in the Second Degree, in violation of Penal Law § 195.05; (2) Attempted Assault in the Third Degree with Intent to Cause Physical Injury, in violation of Penal Law §§ 110.00 and 120.00; and (3) Harassment in the Second Degree involving Physical Contact, in violation of Penal Law § 240.26.

43. The criminal charges against Plaintiff LEOBEL SALVADOR were assigned Docket Number CR-005029-25RI in Richmond Criminal Court.

44. On or about September 17, 2025, all criminal charges against Plaintiff LEOBEL SALVADOR were dismissed and sealed in favor of Plaintiff pursuant to Criminal Procedure Law § 160.50.

45. As a result of the aforementioned assault and unlawful arrest, Plaintiff LEOBEL SALVADOR sustained serious and permanent injuries, including but not limited to a fractured right wrist requiring multiple surgeries.

***Medical Treatment and Ongoing Impact***

46. On or about August 11, 2025, Plaintiff LEOBEL SALVADOR underwent invasive wrist surgery.

47. During this surgery, two metal plates were surgically implanted into Plaintiff LEOBEL SALVADOR's right wrist.

48. The implantation of hardware was necessary due to the severity of the fracture.

49. Following the surgery, Plaintiff LEOBEL SALVADOR began a lengthy and painful recovery process.

50. On or about September 4, 2025, Plaintiff LEOBEL SALVADOR commenced occupational therapy.

51. Plaintiff LEOBEL SALVADOR was required to attend occupational therapy twice per week.

52. The occupational therapy sessions involved physically strenuous exercises to regain function in Plaintiff LEOBEL SALVADOR's right wrist and hand.

53. Plaintiff LEOBEL SALVADOR continues to attend occupational therapy twice per week.

54. On or about November 21, 2025, Plaintiff LEOBEL SALVADOR underwent a second invasive wrist surgery.

55. During this second surgery, one of the two metal plates was surgically removed from Plaintiff LEOBEL SALVADOR's right wrist.

56. The removal of the plate was necessitated by complications from the initial surgery.

57. Plaintiff LEOBEL SALVADOR has a third surgery scheduled for June 2026.

58. Plaintiff LEOBEL SALVADOR's medical prognosis indicates the possibility of further surgeries beyond June 2026.

59. The multiple surgeries have left Plaintiff LEOBEL SALVADOR with permanent surgical scarring on his right wrist.

60. Plaintiff LEOBEL SALVADOR continues to suffer from severe neck pain resulting from the assault.

61. Plaintiff LEOBEL SALVADOR continues to suffer from severe back pain resulting from the assault.

62. The injuries to Plaintiff LEOBEL SALVADOR's wrist, neck, and back have substantially impaired his ability to perform daily activities.

63. Prior to the incident, Plaintiff LEOBEL SALVADOR was employed as a personal driver for a CEO.

64. The use of Plaintiff LEOBEL SALVADOR's right wrist is essential to his ability to perform his job duties.

65. Since the date of the incident, Plaintiff LEOBEL SALVADOR has been unable to return to work.

66. As a result of his inability to work, Plaintiff LEOBEL SALVADOR has suffered substantial lost wages.

67. Plaintiff LEOBEL SALVADOR continues to suffer ongoing economic hardship as a result of his inability to work.

68. Plaintiff LEOBEL SALVADOR's injuries are permanent in nature.

69. Plaintiff LEOBEL SALVADOR's quality of life has been substantially diminished as a result of the injuries inflicted by Defendants.

70. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under the color of law.

71. All of the aforementioned acts deprived Plaintiff LEOBEL SALVADOR of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

72. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

73. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

74. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

75. As a result of the foregoing, Plaintiff LEOBEL SALVADOR sustained loss of liberty, serious and permanent physical injuries, lost earnings, severe emotional distress, embarrassment, humiliation, and deprivation of his constitutional rights..

**FIRST CLAIM FOR RELIEF**
**EXCESSIVE FORCE UNDER 42 U.S.C. § 1983**

76. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77. The level of force used by Defendants against Plaintiff LEOBEL SALVADOR was objectively unreasonable under the circumstances.

78. At the time Defendants applied force to Plaintiff LEOBEL SALVADOR, Plaintiff was not committing any crime or offense, was not observed to be engaged in any unlawful activity, and was not accused of any unlawful activity by any witnesses.

79. At the time defendants applied force to Plaintiff LEOBEL SALVADOR, Plaintiff posed no threat to the safety of Defendants or any other person.

80. At the time Defendants applied force to Plaintiff LEOBEL SALVADOR, Plaintiff was not actively resisting arrest or attempting to flee.

81. Defendants' use of force against Plaintiff LEOBEL SALVADOR, including violently shoving Plaintiff from behind without warning, slamming Plaintiff to the ground, striking Plaintiff, grabbing Plaintiff, violently contorting Plaintiff's arms and wrists behind his back, and affixing excessively tight handcuffs to Plaintiff's wrists, was gratuitous and malicious.

82. As a direct and proximate result of Defendants' use of excessive force, Plaintiff LEOBEL SALVADOR sustained severe and permanent injuries, including an acute comminuted, likely intra-articular, depressed and mildly displaced fracture of the distal radius requiring multiple invasive surgeries and ongoing medical treatment.

83. Defendants' use of excessive force violated Plaintiff LEOBEL SALVADOR's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States..

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

84. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85. As a result of defendants' aforementioned conduct, Plaintiff LEOBEL SALVADOR was subjected to an illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

86. Defendants lacked probable cause to arrest Plaintiff LEOBEL SALVADOR, as Plaintiff had not committed any crime or violation of law, was not observed to be engaged in any criminal or unlawful activity, and was not accused of any criminal or unlawful activity by any witnesses.

87. Defendants arrested Plaintiff LEOBEL SALVADOR without a judicially obtained arrest warrant or any other legal justification.

88. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, from July 13, 2025, through July 15, 2025, and Plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

89. Defendants' false arrest of Plaintiff LEOBEL SALVADOR violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

**THIRD CLAIM FOR RELIEF**
**MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983**

90. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91. Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiff LEOBEL SALVADOR.

92. Defendants caused three criminal charges to be filed against Plaintiff LEOBEL SALVADOR: (1) Obstructing Governmental Administration in the Second Degree, (2) Attempted Assault in the Third Degree with Intent to Cause Physical Injury, and (3) Harassment in the Second Degree involving Physical Contact.

93. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff LEOBEL SALVADOR.

94. Defendants acted with malice in initiating criminal proceedings against Plaintiff LEOBEL SALVADOR.

95. Defendants misrepresented and falsified evidence before the District Attorney.

96. Defendants did not make a complete and full statement of facts to the District Attorney.

97. Defendants withheld exculpatory evidence from the District Attorney.

98. Defendants forwarded fabricated, false or misleading information to prosecutors so that the prosecution would be initiated without probable cause.

99. Notwithstanding the perjurious and fraudulent conduct of Defendants, the criminal proceedings were terminated in Plaintiff's favor when all charges were dismissed and sealed in favor of plaintiff pursuant to Criminal Procedure Law § 160.50 on September 17, 2025.

100. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and Plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

101. Defendants' malicious prosecution of Plaintiff LEOBEL SALVADOR violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

**FOURTH CLAIM FOR RELIEF**
**DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL**
**UNDER 42 U.S.C. § 1983**

102. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "101" with the same force and effect as if fully set forth herein.

103. Defendants created false evidence against Plaintiff LEOBEL SALVADOR.

104. Defendants forwarded false evidence and false information to prosecutors in the Richmond County District Attorney's Office.

105. Defendants engaged in the suppression of evidence favorable to Plaintiff LEOBEL SALVADOR.

106. Defendants engaged in gross deviations from proper procedures in their investigation and arrest of Plaintiff LEOBEL SALVADOR.

107. Defendants did not make a complete and full statement of facts to the District Attorney.

108. Defendants withheld exculpatory evidence from the District Attorney, including evidence that would have demonstrated that Plaintiff LEOBEL SALVADOR had committed no crime.

109. In creating false evidence against Plaintiff, in forwarding false evidence and information to prosecutors, in suppressing exculpatory evidence, and in providing false and misleading information, defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

110. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and Plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

**FIFTH CLAIM FOR RELIEF**
**MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983**

111. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "110" with the same force and effect as if fully set forth herein.

112. Defendants arrested and incarcerated Plaintiff in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize Plaintiff's liberty, well-being, safety, livelihood and constitutional rights.

113. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

114. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers pursuant to the customs, policies, usages, practices,

procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

115. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff.

116. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to, a pattern and practice of:

A. Failing to properly train police officers in the constitutional limitations on the use of force;

B. Failing to properly train police officers regarding the constitutional requirements for establishing probable cause prior to arrest;

C. Failing to properly train police officers regarding their obligation to provide truthful and complete information to prosecutors;

D. Failing to properly supervise police officers in their interactions with civilians;

E. Failing to discipline police officers who engage in the use of excessive force, false arrests, malicious prosecution, and the fabrication of evidence;

F. Ratifying and condoning the use of excessive force, false arrests, malicious prosecution, and the fabrication of evidence by police officers through the systematic failure to investigate and discipline such conduct.

117. The City of New York and the New York City Police Department were aware of this pattern of misconduct by police officers, including the individual defendants in this action.

118. Despite knowledge of this pattern of misconduct, the City of New York and the New York City Police Department failed to take adequate remedial measures to prevent such misconduct.

119. The policymaking officials of the City of New York and the New York City Police Department were deliberately indifferent to the constitutional rights of Plaintiff and other citizens of the City of New York.

120. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

121. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

122. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, Plaintiff was subjected to excessive force, false arrest, malicious prosecution, and denial of a fair trial.

123. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

124. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

125. All of the foregoing acts by Defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:

A. Not to be deprived of liberty without due process of law;

B. To be free from seizure and arrest not based upon probable cause;

C. To be free from the use of excessive force;

D. To be free from unwarranted and malicious criminal prosecution;

E. To a fair trial free from the use of fabricated evidence;

F. Not to have cruel and unusual punishment imposed upon him; and

G. To receive equal protection under the law.

**SIXTH CLAIM FOR RELIEF UNDER**
**UNDER N.Y.C. ADMIN. CODE § 8-802**
**(Excessive Force And Unlawful Seizure)**

126. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "125" with the same force and effect as if fully set forth herein.

127. The acts of the defendant officers constituted conduct under color of any law, ordinance, rule, regulation, custom, or usage.

128. The acts of the defendant officers caused Plaintiff to be deprived of his rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8-802, to wit: to be secure in his person, house, papers, and effects against unreasonable searches and seizures, and to be secure against the use of excessive force regardless of whether such force is used in connection with a search or seizure.

129. The defendant officers, while in uniform, unlawfully seized, searched, and subjected Plaintiff to excessive force, before unlawfully arresting Plaintiff and further causing his detention from July 13, 2025, through July 15, 2025.

130. By reason of the acts and omissions by defendants described above, Plaintiff has endured physical, mental, and emotional injuries and was otherwise damaged and injured.

**SEVENTH CLAIM FOR**
**UNDER N.Y.C. ADMIN. CODE § 8-802**
**(Failure to Intervene)**

131. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "130" with the same force and effect as if fully set forth herein.

132. The acts of the defendant officers constituted conduct under color of any law, ordinance, rule, regulation, custom, or usage.

133. Defendant officers had a duty to protect Plaintiff from violations of his rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8-802, to wit: to be secure in his person, house, papers, and effects against unreasonable searches and seizures, and to be secure against the use of excessive force regardless of whether such force is used in connection with a search or seizure.

134. Those defendants who did not physically touch Plaintiff, but were present when other officers violated Plaintiff's rights under AC § 8-802 against unreasonable search and seizure and excessive force, had an affirmative duty to intervene on behalf of Plaintiff, whose rights were being violated in their presence by other officers.

135. Defendants failed to intervene to prevent the unlawful conduct described herein, thereby failing in their duty to intervene to protect Plaintiff from violation of his rights.

136. By reason of the acts and omissions by defendants described above, Plaintiff has endured physical, mental, and emotional injuries and was otherwise damaged and injured.

**EIGHTH CLAIM FOR RELIEF**
**UNDER N.Y.C. ADMIN. CODE § 8-802**
**(City Employer's Liablity for Excessive Force and Unlawful Seizure)**

137. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "136" with the same force and effect as if fully set forth herein.

138. Defendant officers are "covered individuals," as defined in 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code § 8-801, in that they are employees of the Police Department or persons appointed by the Police Commissioner as a Special Patrolman.

139. The City of New York, as the employer of the covered individual defendant officers, is liable to Plaintiff for the wrongdoing of the covered individual defendant officers.

140. The acts of the defendant officers constituted conduct under color of any law, ordinance, rule, regulation, custom, or usage.

141. The acts of the defendant officers caused Plaintiff to be deprived of his rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8-802, to wit: to be secure in his person, house, papers, and effects against unreasonable searches and seizures, and to be secure against the use of excessive force regardless of whether such force is used in connection with a search or seizure.

142. The defendant officers, while in uniform, unlawfully seized, searched, and subjected Plaintiff to excessive force, before unlawfully arresting Plaintiff and further causing his detention from July 13, 2025, through July 15, 2025.

143. By reason of the acts and omissions of defendants described above, Plaintiff has endured physical, mental, and emotional injuries and was otherwise damaged and injured.

**NINTH CLAIM FOR RELIEF**
**UNDER N.Y.C. ADMIN. CODE § 8-802**
**(City Employer's Liablity for Failure to Intervene)**

144. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "143" with the same force and effect as if fully set forth herein.

145. Defendant officers are "covered individuals," as defined in 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code § 8-801, in that they are employees of the Police Department or persons appointed by the Police Commissioner as a Special Patrolman.

146. The City of New York, as the employer of the covered individual defendant officers, is liable to Plaintiff for the wrongdoing of the covered individual defendant officers.

147. The acts of the defendant officers constituted conduct under color of any law, ordinance, rule, regulation, custom, or usage.

148. The defendant officers had a duty to protect Plaintiff from violations of his rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8-802, to wit: to be secure in his person, house, papers, and effects against unreasonable searches and seizures, and to be secure against the use of excessive force regardless of whether such force is used in connection with a search or seizure.

149. Those defendants who did not physically touch Plaintiff but were present when other officers violated Plaintiff's rights under AC § 8-802 against unreasonable search and seizure and excessive force had an affirmative duty to intervene on behalf of Plaintiff, whose rights were being violated in their presence by other officers.

150. Defendants failed to intervene to prevent the unlawful conduct described herein, thereby failing in their duty to intervene to protect Plaintiff from violation of his rights.

151. By reason of the acts and omissions of defendants described above, Plaintiff has endured physical, mental, and emotional injuries and was otherwise damaged and injured.

**WHEREFORE**, Plaintiff LEOBEL SALVADOR demands judgment in the sum of five million dollars ($5,000,000.00) in compensatory damages, five million dollars ($5,000,000.00) in punitive damages, plus attorney's fees pursuant to 42 U.S.C. § 1988, costs, and disbursements of this action.

Dated: New York, New York
May 19, 2026

Respectfully submitted,

**JON L. NORINSBERG, ESQ., PLLC**

By: ______________________________

Jon L. Norinsberg, Esq.
*Attorney for Plaintiffs*
825 Third Avenue, Suite 2100
New York, New York 10022
Tel. No. (212) 791-5396
Fax No. (212) 406-6890
jon@norinsberglaw.com